OPINION
{¶ 1} Defendant-appellant Travis A. Butler appeals the August 20,2002 Judgment Entry of the Mount Vernon Municipal Court which overruledhis appeal of an administrative license suspension; and the July 30, 2002Judgment Entry which granted in part and overruled in part his motion tosuppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On June 3, 2002, at approximately 11:26 p.m., Deputy DavidShaffer of the Knox County Sheriff's Office was traveling behindappellant's vehicle. Deputy Shaffer saw the vehicle weave within itslane, and drift past the right edge line several times. As the deputycontinued to follow, appellant's vehicle traveled left of center by twoto three feet on two occasions. After the second left of centerviolation, Deputy Shaffer activated his overhead lights and initiated astop of appellant's vehicle. Appellant did not immediately respond,continuing to drive until he turned right on to Upper Gilcrest Road. Asappellant negotiated this right turn, he turned too abruptly, driving offthe road and into the dirt.
 {¶ 3} Deputy Shaffer approached the vehicle and asked forappellant's driver's license and registration. However, instead of handingthe officer the registration, appellant turned over an envelope full ofpapers. Deputy Shaffer noticed appellant's eyes were red. Deputy Shafferasked appellant if he had been drinking or taking any drugs and appellantresponded that he had not.
 Appellant submitted to the horizontal gaze nystagmus test, the walk andturn test and the one leg stand test. Deputy Shaffer observed a number ofclues on the horizontal gaze nystagmus test. On the walk and turn test,Deputy Shaffer observed five clues. On the one leg stand test, the Deputyhad to discontinue the test because appellant put his foot down threetimes. Based upon his performance on the field sobriety tests andappellant's driving infractions, Deputy Shaffer arrested appellant foroperating a motor vehicle while under the influence.
 {¶ 4} When Deputy Shaffer conducted an inventory of appellant'simpounded vehicle, he found a marijuana pipe with residue and two smallenvelopes containing screens. Appellant refused the BAC breath test.Thereafter, appellant was placed under an administrative licensesuspension.
 On June 24, 2002, appellant filed a motion to suppress, and an appealof the administrative license suspension. The trial court conducted acombined hearing on these motions on July 30, 2002. In a Judgment Entryof the same date, the trial court suppressed the horizontal gazenystagmus test, but denied the motion to suppress in all other respects.In an August 20, 2002 Judgment Entry, the trial court overruledappellant's appeal of the administrative license suspension. Appellantplead guilty to a charge of reckless operation, and plead no contest tothe charge of possession of drug paraphernalia. The trial court finedappellant $250, and sentenced him to thirty days in jail. The trial courtsuspended the jail time upon the condition appellant had no similaroffenses for two years, within sixty days appellant obtained a drug andalcohol assessment, and thereafter completed any alcohol or drugtreatment recommended. Finally, the trial court suspended appellant'sdriver's license for 180 days. In an August 26, 2002 Judgment Entry, thetrial court stayed the sentence pending a determination of this appeal.
 {¶ 5} Appellant now appeals the July 30, 2002 Judgment Entrygranting in part and overruling in part his motion to suppress. Thatappeal, this case was assigned case number 02CA00037. Appellant alsoappeals the August 20, 2002 Judgment Entry which overruled his appeal ofthe administrative license suspension. That appeal was assigned casenumber 02CA00039. These appeals have been consolidated for review. InCase Number 02CA00037, appellant assigns the following error:
 {¶ 6} "The trial court erred in upholding the administrativelicense suspension because there was no reasonable ground for an OMVIarrest before the appellant was requested to submit to a breath test.
 {¶ 7} In Case Number 02CA00039, appellant assigns the followingerror:
 {¶ 8} "The trial court erred in denying the appellant's motion tosuppress when it upheld the warrantless inventory search of theappellant's motor vehicle subsequent to his arrest for OMVI."
 {¶ 9} This case comes to us on the accelerated calendar. App.R.11.1, which governs accelerated calender cases, provides, in pertinentpart:
 {¶ 10} "(E) Determination and judgment on appeal.
 {¶ 11} "The appeal will be determined as provided by App.R. 11.1.It shall be sufficient compliance with App.R. 12(A) for the statement ofthe reason for the court's decision as to each error to be in brief andconclusionary form.
 {¶ 12} "The decision may be by judgment entry in which case itwill not be published in any form."
 {¶ 13} This appeal shall be considered in accordance with theaforementioned rule.
 Because appellant's assignments of error are interrelated, we willaddress them together.
 {¶ 14} In his first assigned error, appellant maintains the trialcourt erred in upholding the administrative license suspension becausethere was no probable cause to arrest him for OMVI before his breathtest. We disagree.
 {¶ 15} We find the initial investigatory stop of appellant'svehicle was reasonable. Deputy Shaffer testified he witnessed appellant'svehicle weave within its lane, reaching the right line twice and crossingleft of center two times. When Deputy Shaffer activated his overheadlights, appellant did not immediately stop, failed to properly negotiatea right turn, and ultimately ended up in the dirt, off of the road.Appellant did not turn over his license and registration, but ratherhanded the deputy an envelope of papers. Deputy Shaffer noted appellanthad bloodshot eyes. Further, appellant demonstrated poor performance onboth the walk and turn and one leg stand tests.[1] We find thesefactors gave Deputy Shaffer probable cause to arrest appellant for OMVI.Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} In Case Number 02CA00039, appellant argues the trial courterred in permitting the introduction of drug paraphernalia obtainedduring the inventory search of his vehicle. Specifically, appellantcontends there was no probable cause to arrest him for OMVI, andtherefore, any evidence flowing from the illegal arrest should have beensuppressed. We disagree. In light of our disposition of appellant's firstassignment of error, appellant's second assignment of error is alsooverruled.
 The July 30, 2002 and August 20, 2002 Judgment Entries of the MountVernon Municipal Court are affirmed.
By: Hoffman, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the July 30, 2002 and August 20, 2002 Judgment Entries of the Mount Vernon Municipal Court are affirmed. Costs assessed appellant.
[1] Because the trial court suppressed the results of the horizontal gaze nystagmus test, we do not consider it for the purposes of this analysis.